MACDONALD et al. v. WALLSTEIN et al.

(*Supreme Court, Special Term, New York County.* November 1, 1889.)

FRAUDULENT CONVEYANCES—ACTIONS TO SET ASIDE—PLEADING.

A general creditor cannot maintain an action to set aside judgments confessed and transfers of property made by his debtor, as being in violation of the general assignment act of New York, where the complaint discloses no intention by the debtor to make an assignment.

Action by Robert Macdonald and others against Anna Wallstein and others. Defendant Wallstein demurs to the complaint.

*Blumenstiel & Hirsch*, for plaintiffs. *Benno Loewy*, for defendants.

PATTERSON, J.    The complaint in this action sets forth that the plaintiffs are creditors of the defendants Wallstein & Heineman, and that such defendants were copartners in business, and being in failing circumstances, and intending to give up their business, on the 21st day of May, 1889, confessed various judgments to parties named in the complaint, and conspired with other defendants to evade the statute regulating general assignments, and restricting preferences in such assignments to one-third of the assets of the assignors; and that with such intent they transferred all their outstanding accounts to one of the defendants; and that the persons who received the confessions of judgments and transfers of property knew that the debtors were insolvent, and also knew that the debtors intended, by means of such transfers, to evade the provisions of the general assignment act, and that the judgments and transfers were made and given in order to devote more than one-third of the assets of the insolvent firm to the preferential payment of debts.

The only ground upon which the action is based, therefore, is an attempted evasion of the provisions of the general assignment act, as that act now reads. There can be no claim that the complaint may be regarded as an ordinary creditors' bill, as the plaintiffs, not being judgment creditors with executions returned unsatisfied, are not in the position to file such a bill.    No authority is shown to support this action, unless those cases in which it has been held by this court at special term, and by the supreme court of the United States in the case of *White* v. *Cotzhausen,* 129 U. S. 329, 9 Sup. Ct. Rep. 309, that voluntary transfers of property, made contemporaneously with the general assignment, may, according to the circumstances of the case, be regarded as part of the act of assignment; so that an assignee, or, in case he declines, a creditor at large, may bring an action in aid of the assignment, to have the property thus voluntarily transferred brought under the operation of the assignment, and to set aside such transfers,—may be considered as affecting this case.    But there is nothing in any of the cases referred to which gives support to such an action as this.    There was no intention whatever, so far as this complaint discloses, on the part of the debtor firm to make an assignment for the benefit of creditors.    On the contrary, it appears that they did not intend to take advantage of the general assignment act; and there is nothing in that act which compels debtors in failing circumstances to resort to its provisions, and to put their property in the hands of a trustee for creditors. The provisions of that act only apply to cases in which an assignment is made, and the interdiction upon preferences relates only to preferences made in the instruments authorized by that act.    There is nothing in it which changes the general rule of law, existing in this state, that a debtor may prefer a creditor by confession of judgment, or by the absolute transfer of property.    There can therefore be no such thing as evading a statute by which the party performing the act complained of is not bound, and is not required by law to follow.    That these confessions of judgment and transfers may be fraudulent, and may be set aside by a plaintiff properly in court, is not the question here. The sole question is whether or not a general creditor may maintain an action to set aside such judgments and transfers, as being in violation of the terms and provisions of the assignment act.    I think there can be no doubt that the general assignment act does not apply at all; and therefore the demurrer must be sustained, and judgment thereupon ordered in favor of the defendant demurring, with costs.